# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

IN RE ALBERT DELONG,

    Debtor,

Bankruptcy Case Number
17-81529-CRJ-7

ALBERT DELONG,

    Plaintiff,

v.

HOLLOWAY CREDIT SOLUTIONS, LLC,
HIGHLANDS HOSPITALISTS SERVICES, LLC,

    Defendants.

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND APPLICATION FOR APPROVAL OF ATTORNEY'S FEE

Comes Now, Albert Delong (the "Debtor") with Holloway Credit Solutions, LLC and Highlands Hospitalists Services, LLC (together with the Debtor, the "Movants") and hereby move this Court pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an Order approving the compromise and settlement described herein. In support of the Motion to Approve Compromise, Movants show unto the court as follows.

### JURISDICTION AND PROPOSED NOTICE

1. The Motion is being brought pursuant to 11 U.S.C. § 105 and Rule 9019(a) of the Bankruptcy Rules.
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).
3. In accordance with Bankruptcy Rules 9019(a) and 2002, the Motion is being served on all parties-in-interest and all parties filing an appearance notice.

1

## FACTUAL BACKGROUND

4. This adversary proceeding arises from Delong's allegations that Holloway Credit Solutions, LLC and Highlands Hospitalists Services, LLC violated the discharge injunction.

5. In this Motion for Contempt and Sanctions, Delong alleges that Holloway Credit Solutions, LLC and Highlands Hospitalists Services, LLC violated the discharge injunction by contacting him in an attempt to collect a prepetition debt after the bankruptcy was filed and discharged.

6. Holloway Credit Solutions, LLC and Highlands Hospitalists Services, LLC denies all wrongdoing as alleged in the Motion for Contempt and Sanctions.

## NEW PROCEDURES IMPLEMENTED BY THE DEFENDANT TO AVOID FUTURE VIOLATIONS OF THE DISCHARGE INJUNTION

7. See the supplements filed by the Defendants.

## TERMS OF THE PROPOSED SETTLEMENT

8. After negotiation, and in the interest of avoiding the uncertainties associated with litigation, Plaintiff Albert Delong and Defendants Holloway Credit Solutions, LLC and Highlands Hospitalists Services, LLC have agreed to a compromise and settlement of the claim on the terms and conditions set forth herein.

9. The terms of the proposed settlement are as follows:

    a. Holloway Credit Solutions, LLC and Highlands Hospitalists Services, LLC shall pay to Delong's counsel a total of $4,000.00 to settle any and all claims arising from this Motion for Contempt and Sanctions.

    b. This amount includes all costs and fees, including but not limited to Humphries's Attorney's fee;

    c. Pursuant to 11 U.S.C. §362(k)(1), Holloway Credit Solutions, LLC and Highlands Hospitalists Services, LLC shall pay to Delong's counsel a total of $4,000.00 to settle any and all claims arising from this Motion for Contempt

2

and Sanctions. Debtor's counsel requests to retain $3,600.00 of the settlement representing 23.45 hours for the work performed in the preparation and prosecution of the Motion for Contempt and Sanctions at an hourly rate of $350.00. Counsel has worked diligently on this case since February 22, 2021 and will continue to do so until the proceeding closes. Counsel has reduced his fee from $8,207.50 to $3,600.00. The Debtor shall retain $400.00 as allowed by his exemptions. Defendants are to disburse the funds to Larsen Law, P.C. within 30 days from the date of this order. Larsen Law, P.C. will distribute the funds as set out in this motion.

## **RELIEF REQUESTED**

10. The parties jointly request that this Court approve the settlement that has been reached by Plaintiff Albert Delong and Defendants Holloway Credit Solutions, LLC and Highlands Hospitalists Services, LLC in which all of the issues in the claim will be resolved as to those parties. The settlement of this claim is a result of good faith, arm's length negotiations between the respective attorneys for the parties and after a thorough review of the merits of the case.

11. The settlement of the claims in this adversary proceeding meets all applicable legal standards and is well within the range of reasonableness.

12. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). To properly exercise this discretion, the bankruptcy court must consider whether the compromise proposed "'falls below the lowest point in the range of reasonableness.'" *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs. Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985) (internal citation omitted).

13. The Eleventh Circuit has held a bankruptcy court must consider and evaluate the following factors:

3

(a) the probability of success in the litigation;

(b) the difficulties, if any to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the litigation; and,

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). When making an evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underling the compromised disputes. *Teltronics* at 189. Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and should make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

14. Federal Rule of Bankruptcy Procedure 9019 provides that, after conducting a hearing on notice to creditors, the bankruptcy court may approve a compromise and settlement. To assure a compromise is proper in a given case, the court must be apprised of the necessary facts for an intelligent, objective, and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

15. The settlement proposed in this motion meets the standard for approval under Federal Rule of Bankruptcy Procedure 9019 and is in the best interests of the bankruptcy estate. The settlement was reached after thorough analysis of the merits of Delong's claims and the defenses of Holloway Credit Solutions, LLC and Highlands Hospitalists Services, LLC with regard to the claims asserted in the Motion for Contempt and Sanctions.

**WHEREFORE**, the parties ask this Court to enter an order approving the settlement described in this motion.

/s/ *John C. Larsen*
John C. Larsen

4

Attorney for the Debtor/Plaintiff,
Albert Delong

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@larsenlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the mailing matrix and all attorneys of record by electronic notice and/or by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, on this the 23rd day of June, 2021.

Tazewell T. Shepard IV
Attorney for Highlands Hospitalists Services, LLC
SPARKMAN SHEPARD & MORRIS, P.C.
P.O. Box 19045
Huntsville, AL 35804
Ty@ssmattorneys.com

J. Know Argo
Attorney for Holloway Credit Solutions, LLC
6706 Taylor Circle
Montgomery, AL 36117
know@jknoxargopc.com

A copy was served electronically on Judith Thompson, Chapter 7 Trustee, and Richard Blythe, Bankruptcy Administrator, on this the 23rd day of June, 2021.

/s/ *John C. Larsen*

5

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 17-81529-CRJ7<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Wed Jun 23 16:12:25 CDT 2021 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 |
| U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | Continental Finance Co<br>Cfc<br>121 Continental Dr #108<br>Newark, DE 19713-4326 | Credit Central<br>145 East Laurel St<br>Scottsboro, AL 35768-1801 |
| Credit Central LLC<br>700 E North St Ste 15<br>Greenville, SC 29601-3013 | Credit Collections Svc<br>Po Box 773<br>Needham, MA 02494-0918 | Credit One Bank Na<br>Po Box 98873<br>Las Vegas, NV 89193-8873 |
| Emerald Financial Services<br>PO Box 30040<br>Tampa, FL 33630-3040 | Fingerhut<br>6250 Ridgewood Rd<br>St Cloud, MN 56303-0820 | First Premier Bank<br>601 S Minneaplois Ave<br>Dious FDalls, SD 57104 |
| H&R Block Bank<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | Highland Medical Center<br>380 Woods Cove Rd.<br>Scottsboro, AL 35768-2428 | Highlands Hospitalists Services, LLC<br>Registered Agent: Gary W. Lackey<br>126 E. Peachtree Street<br>Scottsboro, AL 35768-1810 |
| Holloway Credit Solutions, LLC<br>P.O. Box 230609<br>Montgomery, AL 36123-0609 | Jackson County Health Care Authority<br> d/b/a Highlands Hospitalists Services,<br>P.O. Box 1050<br>Scottsboro, AL 35768-1050 | LVNV Funding, LLC its successors and assigns<br>assignee of FNBM, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Net Credit Financial<br>Po Box 645295<br>Cincinnati, OH 45264-5295 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Quantum3 Group LLC as agent for<br>Sadino Funding LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| REGIONAL MANAGEMENT CORPORATION<br>979 BATESVILLE ROAD, SUITE B<br>GREER, SC 29651-6819 | Reflex<br>PO Box 8099<br>Newark, DE 19714-8099 | Regional Finance<br>1605 S Broad St.<br>Scottsboro, AL 35768-2610 |
| Regional Management Corporation<br>Shannon E. Henry, Claims Signatory<br>979 Batesville Road Suite B<br>Greer, SC 29651-6819 | SFC Central Bankruptcy<br>PO Box 1893<br>Spartanburg, SC 29304-1893 | Scottsboro Urgent Care<br>PO Box 730<br>Scottsboro, AL 35768-0730 |
| Security Finance<br>Sfc Centralized Bankruptcy<br>Po Box 1893<br>Spartanburg, SC 29304-1893 | Sun Loan Company<br>201 Veterans Dr Ste 105<br>Scottsboro, AL 35768-2168 | Ultimate Auto<br>3205 S Broad St.<br>Scottsboro, AL 35769-7514 |

| | | |
|---|---|---|
| Ultimate Auto Sales<br>William Tally, Claims Signatory<br>P.O. Box 1067<br>Scottsboro, AL 35768-1067 | Albert Delong<br>3212 E. Willow Street<br>Scottsboro, AL 35768-4150 | John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Capital Systems LLC<br>PO Box 7999<br>St Cloud, MN 56302-9617 | Republic Finance, LLC<br>282 Tower Rd.<br>Ponchatoula, LA 70454 | (d)JEFFERSON CAPITAL SYSTEMS LLC<br>PO Box 7999<br>St Cloud MN 56302 |

(d)Republic Finance
282 Tower Rd.
Ponchatoula, LA 70454

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Highlands Hospitalists Services, LLC | (u)Holloway Credit Solutions, LLC | (u)NoTrustee |

End of Label Matrix
Mailable recipients    32
Bypassed recipients     3
Total                  35